# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| SHAMONT L. SAPP,<br>    Plaintiff,<br>  v.<br>WELLS FARGO BANK, N.A.,<br>    Defendant. | Case No. 17-cv-01698-BLF<br><br>**ORDER GRANTING MOTION TO SEAL** |

Before the Court is Defendant's motion to file under seal certain exhibits in connection with its motion to compel arbitration. ECF 24. For the reasons discussed below, the Court GRANTS the motion.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

However, "while protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm

their competitive interest." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228–29 (Fed. Cir. 2013). Records attached to motions that are "not related, or only tangentially related, to the merits of a case" therefore are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed, *see Kamakana,* 447 F.3d at 1179–80, but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed. *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by

2

1  highlighting or other clear method, the portions of the document that have been omitted from the
2  redacted version." Civ. L.R. 79-5(d)(1)(d). "Within 4 days of the filing of the Administrative
3  Motion to File Under Seal, the Designating Party must file a declaration as required by subsection
4  79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

**II.    DISCUSSION**

The Ninth Circuit has not provided guidance on distinguishing dispositive from non-dispositive motions, in the sealing context. *In re Nat'l Sec. Agency Telecomm. Records Litig.*, No. MDL-06-1791-VRW, 2007 WL 549854, at *3 (N.D.Cal. Feb. 20, 2007) (noting an "absence of explicit guidance on this issue"). Even when courts look "to the underlying rationale for distinguishing between dispositive and non-dispositive motions," *id.*, they differ on whether a motion to compel arbitration is a dispositive or nondispositive motion for sealing purposes. *See Martin v. Wells Fargo Bank, N.A.*, No. 12-06030-SI, 2013 WL 5441973, at *2 (N.D. Cal. Sept. 30, 2013) (comparing cases).

The Court need not resolve this disagreement because Defendant has made a showing for the compelling reasons standard, assuming the higher standard for dispositive motions. The documents sought to be sealed contain confidential information relating to Plaintiff's personal bank accounts, as well as other sensitive personal information. *See* Har Decl. ¶¶ 3-5, ECF 24-1. Accordingly, the Court finds this to meet the compelling standard for sealing Exhibits 2, 3-B, 4, and 5 to the Kotzsman Declaration in support of Defendant's motion to compel arbitration. *See, e.g.*, *Martin*, 2013 WL 5441973, at *3 (granting stipulation to file under seal references to plaintiff's full bank account number pursuant to Federal Rule of Civil Procedure 5.2).

**IT IS SO ORDERED.**

Dated: July 31, 2017

BETH LABSON FREEMAN
United States District Judge